# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-4012

_____

Dennis Frank; Anne Frank,      *
     *
        Plaintiffs - Appellants,      *
     *    Appeal from the United States
      v.      *    District Court for the District
     *    of Minnesota.
Jeffrey Folmer, Esq.; Jeff Folmer      *
Law Office,      *    [UNPUBLISHED]
     *
        Defendants - Appellees.      *

_____

Submitted: June 14, 2002

Filed: August 14, 2002

_____

Before HANSEN, Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

PER CURIAM.

Dennis and Anne Frank appeal the district court's[1] adverse grant of summary judgment dismissing their legal malpractice claim against Jeffrey Folmer and Jeff Folmer Law Office (Folmer).  We affirm.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

I.

In 1995, the Franks began looking into purchasing the Little Sweden Resort located on Lake Vermillion near Cook, Minnesota, from Raymond and Susan Wolfe via contract for deed. The Franks inspected the resort on two occasions in 1995, and then signed a purchase agreement containing a clause disclaiming all warranties and indicating the property was being purchased in "as is" condition. The Franks declined the opportunity to inspect the financial records of Little Sweden Resort and to have the resort inspected by a third party.

In June, 1996, just prior to closing on the property, the Franks retained Folmer to prepare a title opinion for the property and to attend the closing. In addition, he prepared various closing documents, including a Security Agreement, UCC-1 Financing Statement, UCC-2 Fixture Financing Statement, an Escrow Agreement, and the Well Disclosure Statement. The bill for preparing the closing documents was paid by the Wolfes at the closing.

The closing occurred on June 17, 1996. It was attended by the Franks, represented by Folmer, the Wolfes, represented by attorney Michael Lantry, and Dale Lundblad of BIC Realty, the Wolfes' realtor. Folmer did not meet with the Franks prior to the closing, and he did not privately explain the closing documents to the Franks. Nor did he explain the legal effect of the "as is" clause contained in the Purchase Agreement which had been signed by the Franks approximately one year earlier.

Soon after the closing several problems arose with the resort. The Franks discovered an infestation of bats in the main lodge, problems with the septic systems, and experienced a significant decrease in anticipated occupancy. After attempting to remedy the problems, the Franks again retained the services of Folmer, who wrote to Lantry, the Wolfes' attorney, alleging the Wolfes had misrepresented the condition

of the property and its income-producing potential. The Franks also discontinued payments under the contract for deed.

The Franks, through Folmer, negotiated a settlement of the misrepresentation claim and the default under the contract for deed. The Wolfes agreed to reduce the purchase price of the resort by $25,387.85, and the Franks agreed to release any claims they might have for any alleged misrepresentations. The Wolfes also agreed to forgive the default and withdrew the notice of cancellation.

Following the settlement, the Franks again fell into default and the Wolfes filed a notice of cancellation of the contract for deed. This time the Franks hired different legal counsel and filed suit against the Wolfes, Lundblad and BIC Realty in state court seeking an injunction or rescission of the contract for deed based upon alleged misrepresentations. The state court action was dismissed after the defendants successfully moved for summary judgment. The state court found in favor of the Wolfes because the Franks purchased the property in "as is" condition, and declined an opportunity to inspect the financial records. The state court did not rely on the settlement agreement negotiated by Folmer as a basis for granting summary judgment.

The Franks then filed this action against Folmer arguing he committed malpractice by advising them to negotiate a settlement of their misrepresentation claim. They claimed Folmer should have advised them to continue making the contract for deed payments while bringing a simultaneous action for rescission based upon the alleged misrepresentations, thereby allowing them to recover their contract payments and consequential damages. The Franks further alleged Folmer was negligent in failing to explain the meaning of the "as is" clause in the Purchase Agreement prior to the closing. Finally, the Franks argued Folmer was operating under a conflict of interest when he represented them, because he also represented the Wolfes at the closing and shared office space with BIC Realty for whom he had done unrelated legal work prior to the closing.

-3-

Folmer moved for summary judgment arguing the Franks could not prove malpractice because their misrepresentation claim against the Wolfes failed as a matter of law. Folmer argued that the Franks, having unsuccessfully litigated the misrepresentation claim in state court, were barred by the doctrine of collateral estoppel from relitigating the same issue in federal court. Folmer also denied any negligence for failing to explain the "as is" clause contained in the Purchase Agreement because the agreement had been signed one year before he was retained. Finally, Folmer argued that no jury could reasonably conclude he represented the Wolfes at the closing. The district court agreed and granted Folmer's motion for summary judgment.

II.

We review a grant of summary judgment de novo. Jeseritz v. Potter, 282 F.3d 542, 545 (8th Cir. 2002). We have considered the parties' arguments and the applicable law, and are satisfied the district court correctly applied controlling state law and that the district court's decision is supported by the record.

The Franks contend Folmer committed malpractice when he negotiated the release of their misrepresentation claim against the Wolfes. The Frank's malpractice claim is dependent upon proving they had a viable claim against the Wolfes. Blue Water Corp. v. O'Toole, 336 N.W.2d 279, 281 (Minn. 1983). But, the opposite is apparent. The Franks misrepresentation claim was dismissed on the merits, and the state court decision must be given the same preclusive effect in federal court as it would in state court. 28 U.S.C. § 1738.

Further, the Franks are barred by the doctrine of collateral estoppel from relitigating the misrepresentation claim in federal court. All the elements of collateral estoppel have been satisfied.

1) the issue was identical to one in a prior adjudication; 2) there was a final judgment on the merits; 3) the estopped party was a party or in privity with a party to the prior adjudication; and 4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Willems v. Comm'r of Pub. Safety, 333 N.W.2d 619, 621 (Minn. 1983).

The Franks argue collateral estoppel should not bar their malpractice claim because Folmer represented both buyer and seller in the real estate transaction. They also contend that Folmer's dual representation prevented them from asserting their misrepresentation claim against the Wolfes. The district court, however, correctly found that no reasonable jury could conclude that Folmer represented the Wolfes. Folmer, in accordance with a provision contained in the purchase agreement, billed the Wolfes for the cost of various standard closing documents which he prepared. The record demonstrates he prepared the documents as an accommodation to the sale, not because he represented the Wolfes.

We have reviewed the Franks' remaining claims of error and find them to be similarly without merit. Accordingly, we affirm on the basis of the well-reasoned opinion of the district court. See 8th Cir. R. 47B.

### III.

For the reasons stated herein, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-